**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

TINA BREWER                                                                                               PLAINTIFF

vs.                                            NO. 3:04CV00228-HLJ

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                                          DEFENDANT

**MEMORANDUM AND OPINION**

Plaintiff, Tina Brewer, has appealed the final decision of the Commissioner denying her claim for Supplemental Security Income (SSI). Both parties have filed appeal briefs, and the issues are now joined and ready for disposition.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). Provided that substantial evidence supports the Commissioner's decision, this Court may not reverse even if the record also provides substantial evidence to support a contrary outcome. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

Plaintiff protectively applied for SSI on January 22, 2002 (Tr. 50-52), and alleges disability due to breathing problems, back pain, a broken hand, arthritis, diabetes, depression, anxiety, migraines, a pituitary problem, heart problems, and tendinitis in her right elbow (Tr. 59, 61, 71). A hearing was held on September 9, 2003 before an Administrative Law Judge (ALJ)

(Tr. 563). Plaintiff was 42 years old when the ALJ issued his decision (Tr. 13). She has a sixth grade[1] special education, and past relevant work experience as a sewing machine operator and die cast worker (Tr. 77, 569, 596-597).

The ALJ evaluated Plaintiff's claim according to the familiar five-step sequential evaluation.[2] The ALJ found: (1) she had not engaged in substantial gainful activity since her alleged onset date of January 1, 1997; (2) her interstitial lung disease, chronic obstructive pulmonary disease, and mild depression with anxiety were "severe" impairments, but she did not meet the listings; (3) her subjective allegations were not fully credible; (4) she retained the residual functional capacity (RFC) to perform medium semi-skilled work with environmental restrictions of avoiding exposure to excess dust and fumes; and (5) vocational expert (VE) testimony established that Plaintiff retained the capacity to perform her past relevant work as a sewing-machine operator and as a die cast worker (Tr. 23-24). Thus, the ALJ concluded that Plaintiff was not disabled.

Plaintiff argues that the ALJ's determination that she retains the RFC to perform her past relevant work is not supported by substantial evidence on the record as a whole. Plaintiff specifically argues that the ALJ erred in discounting her treating physician's opinion. In October 2002, Plaintiff's treating physician Dr. Judith Butler issued a Medical Source Statement that Plaintiff retained the ability to frequently lift less than 10 pounds; stand and/or walk one hour a

---

[1] Though the ALJ states that Plaintiff had a seventh grade education, Plaintiff actually testified that she failed the seventh grade (Tr. 569)

[2] The five-step sequential evaluation asks: (1) Is the claimant currently working? (2) Does she have a severe impairment? (3) Does the impairment meet or equal a listing for presumptive disability? (4) Does the impairment prevent her from performing her past relevant work? (5) Does the impairment prevent her from doing any other work? 20 C.F.R. § 404.1520.

day, continuously for less than one hour; sit 8 hours a day, continuously for 2-3 hours; was limited in her ability to push and pull; could never climb, balance, stoop, kneel, crouch, or bend; was limited in her ability to reach, handle, finger, and feel; and had environmental restrictions such that she should avoid chemicals, pollens, etc. (Tr. 271-272).  Dr. Butler wrote that these limitations were due to shortness of breath, asthma attacks, pain, stiffness, tremors that limited her mobility, and moderate to severe restrictive airway/exertional asthma. *Id*.  Dr. Butler's assessment covered the time period of July 3, 2001, until the day it was signed, October 22, 2002.  *Id.*

In contrast, the ALJ determined that Plaintiff retained the ability to occasionally lift and carry up to 50 pounds; frequently lift and carry up to 25 pounds; stand and/or walk 6 hours a day; sit for 6 hours a day; she had environmental restrictions; and the mental capacity to perform semi-skilled work activity[3] (Tr. 23-24)

The ALJ discounted Dr. Butler's opinion because

> the medical findings submitted by Dr. Butler simply do not support a finding that the claimant's medical condition is disabling. [Dr. Butler] appears to have taken the claimant's subjective allegations at face value in making her determinations and/or assertions, which did not necessarily take into account the other factors which must be considered by the [ALJ], such as the other medical evidence of record including the opinions of other treating and examining physicians and also all the vocational factors involved.  In view of the overall record, the opinions of Dr. Butler are not found to be persuasive.  The [ALJ] is free to reject the opinion(s) of a treating physician when it is inconsistent with other substantial evidence of record...Treating physician's opinions may be discounted if unsupported by the evidence. (Tr. 22)

---

[3] Semi-skilled work activity includes work where interpersonal contact is routine but superficial; where performed tasks are no more complex than those learned by experience with several variables and where use of judgment is within those limits; and where little supervision is required for routine tasks but detailed supervision is required for non-routine tasks.

While the ALJ stated that he was free to reject Dr. Butler's opinion, Federal Regulations actually provide that treating doctors opinions are *controlling* if they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and not inconsistent with other substantial evidence in the record.  20 C.F.R. § 416.927(d)(2) (emphasis mine).  Social Security Ruling 96-2p explains that even if there is other inconsistent substantial evidence in the record, a treating doctor's opinion should not necessarily be discounted:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record *means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected.*  Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.927.  *In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.*

A review of the record provides no evidence to support the ALJ's assertion that Dr. Butler based her assessment on taking Plaintiff's complaints at face value.  The ALJ also discredited Dr. Butler's assessment, saying that she did not necessarily take into account other medical evidence and the opinions of other treating and examining physicians.  However, the ALJ did not identify any inconsistent medical evidence.

Plaintiff was examined by Dr. Shalender Mittal in May 2002.  He diagnosed depression with anxiety, panic attacks, chronic low back pain, COPD, tranquilizer and narcotic addiction, and GERD (Tr. 150).  Importantly, Dr. Mittal verified Dr. Butler's findings of tremors, which Dr. Butler later used as a basis for her RFC assessment:  Dr. Mittal noted that Plaintiff complained of feeling tremulous in her legs and had difficulty walking (Tr. 146); in his neurological findings, Dr. Mittal found that she was "slightly tremulous even at rest" (Tr. 149).  Plaintiff was also

treated by Joe E. Hughes M.D., who confirmed tremors of both hands (Tr. 415).  Dr. Mittal also verified Dr. Butler's finding of chronic pain, which Dr. Butler used as a basis for her RFC assessment: Dr. Mittal diagnosed chronic low back pain, based on his clinical examination, even though the X-ray of her lumbar spine was essentially normal (Tr. 150).  Treating physician Dr. Joseph Forte, D.O. also diagnosed chronic pain syndrome (Eg. Tr. 393).  The Court notes that Plaintiff's pain is arguably psychological, in that she was repeatedly given a clinical diagnosis of chronic pain, even though laboratory diagnostic techniques could not account for her extreme level of pain.  For example, when Plaintiff was seen in consultation by Dr. Vasu for chronic headaches, he diagnosed her main problem with headaches and chronic pain syndrome to be related to depression (Tr. 100).  Dr. Mittal concluded that it was her "psychiatric condition with significant depression and anxiety and the issue with narcotic and tranquilizer addiction which...interfer[ed] with her being functional" (Tr. 150).  While Dr. Mittal's opinion differs from Dr. Butler's opinion as to which impairments interfere with her being functional, Dr. Mittal's opinion, as a one time consultative examiner, does not constitute substantial evidence to support the ALJ's rejection of Dr. Butler's opinion.  *Kelley v. Callahan*, 133 F.3d 583, 589 (8th Cir. 1998) (the opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence).

   Moreover, a review of the record provides numerous clinical findings and other substantial evidence which corroborate Dr. Butler's assessment.  The Plaintiff was hospitalized numerous times for her breathing problems.  The record is replete with clinical findings such as marked dyspnea, paroxysmal and severe coughing, severe intractable [incurable or resistant to therapy] coughing, marked limitation of excursion, minimal air movement, inability to breath

while laying down, breathless, unable to vocalize, markedly abnormal lung function tests (Eg. Tr. 183, 202, 229, 232).

For SSI, the relevant time period begins with the filing of the application, which was in January 2002. Plaintiff was admitted to Baptist Memorial Hospital in Blytheville on February 6, 2002, (Tr. 253) and on February 15th, she was transferred to Baptist Memorial Hospital in Memphis; she was discharged on February 21, 2002 (Tr. 100). Among other things, she was diagnosed with inflammatory lung disease, respiratory bronchiolitis, interstitial lung disease, chronic obstructive pulmonary disease, chronic headache and uncontrolled pain (Tr. 100, 248). She was noted to have chronic back pain, and "progressive respiratory distress to the point that she in unable to lay down at night." (Tr. 248). She was readmitted on February 28, 2002 for dyspnea and right-sided chest pain (Tr. 229-30). She was again readmitted on March 1, 2002 for dyspnea, right-sided chest pain, chronic pain intolerance and diagnosed with progressive lung disease; she was discharged on March 7, 2002 (Tr. 216-218). She was admitted again on March 18, 2002 for uncontrolled pain; her examination once again revealed marked dyspnea and severe paroxysmal coughing, marked limitation of excursion, and minimal air movement; it was also noted that she was unable to lie down (Tr. 211-212). She was hospitalized again from July 29, 2002 until August 2, 2002. It was noted that she had had several hospitalizations within the last year because of marked dyspnea and severe intractable coughing. Dr. Butler noted that she had a "marked increase in exertional intolerance," "She remains pretty much disabled with her interstitial lung disease," and that though she continued to smoke, she had really cut way down (Tr. 186). Dr. Butler's examination of the lungs revealed "minimal air exchange...very little air movement" (Tr. 187).

Suffice it to say, Dr. Butler's opinion was based on her clinical findings, there is no evidence that Dr. Butler had an uncritical acceptance of Plaintiff's subjective complains, and Dr. Butler's opinion was not inconsistent with substantial evidence in the record. Thus, the ALJ's flat-out rejection of Dr. Butler's opinion was not legally sufficient. Therefore, this case must be remanded for a determination of Plaintiff's RFC.

IT IS THEREFORE ORDERED THAT the Commissioner's decision is reversed and remanded. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405 (g) and *Melkonyan v. Sullivan,* 501 U.S. 89 (1991).

IT IS SO ORDERED.

DATED this 23rd day of September, 2005.

*/s/ Henry L. Jones, Jr.*
UNITED STATES MAGISTRATE JUDGE